ANDREWS and others *v.* LONG and others.

*(Circuit Court, D. Kansas.* November, 1880.)

PATENTS FOR INVENTIONS.

The "driven-well" reissue, No. 4,372, for the invention of driving a tube into the earth to form a well, is not infringed by boring into the earth with an auger and inserting a tube without driving or forcing.

In Equity.

*Guthrie & Brown,* for complainants.

*Spilman & Brown,* for respondents.

McCRARY, C. J. This cause has been argued and submitted for final determination upon the merits. It is a bill in equity brought to recover damages for an alleged infringment of a patent, reissue No. 4,372, and for an injunction. No question is made by respondents on account of want of novelty, prior discovery and use, or dedication to the public and abandonment, although these several defences are set up in the answer.

The single question presented for determination is whether the respondents have been guilty of an infringment of the patent of complainants.

In order to decide this question it is necessary to give a construction to the patent, and to determine its purpose and scope. The patent is for a new process of constructing artesian wells, and the claim of the patentee is as follows:

"What I claim as my invention, and desire to secure by letters patent, is: The process of constructing wells by driving or forcing an instrument into the ground until it is projected into the water, without removing the earth upward, as it is in boring, substantially as herein described."

The claim, however, must be construed in connection with, and in the light of, the specifications which also accompany the patent, and from which I quote as follows:

"My invention is particularly intended for the construction of artesian wells in places where no rock is to be penetrated.

"The methods of constructing wells, previous to this invention, were what have been known as 'sinking' and 'boring,' in both of which the hole. or opening, constituting the well, was produced by taking away a portion of the. earth or rock through which it was made.

"This invention consists in producing the well by driving or forcing down an instrument into the ground until it reaches the water, the hole or opening being thus made by a mere displacement of the earth, which is packed around the instrument, and not removed upwards from the hole, as it is in boring. The instrument to be employed in producing such a well, which, to distinguish it from 'sunk.' or 'bored' wells, may be termed a driven well, may be any that is capable of sustaining the blows or pressure necessary to drive it into the earth; but I prefer to employ a pointed rod, which, after having been driven or forced down until it reaches the water, I withdraw and replace by a tube, made air-tight throughout its length, except at or near its lower end, where I make openings or perforations for the admission of water, and through and from which the water may be drawn by any well-known or suitable form of pump.

"In certain soils the use of a rod, preparatory to the insertion of a tube, is unnecessary, as the tube itself, through which the water is to be drawn, may be the instrument which produces the well, by the act of driving it into the ground to the requisite depth."

The evidence in this case clearly shows that the well constructed and operated by the respondents was made by boring a hole in the ground with an auger, somewhat larger than necessary, for the insertion of the pipe or tube, and by putting the tube down said hole to the water without driving or forcing; and we are therefore to determine whether a well thus constructed is within the terms of the complainants' patent, so as to be an infringment thereof.

It is not contended that Green, the patentee, was the original inventor of the idea of drawing water from the earth by the means of a pump, through a hollow pipe or tube having apertures at the lower end to admit the water.

This process is known to have been in use, and in very common use, long before the granting of complainant's patent. It is very clear that the patentee has made no claim of novelty in any part of his process, except the driving or forcing of the pipe down through the earth to the water-bearing strata, without the necessity of digging or boring, or removing the earth upward.

To use the language of the inventor himself, he claims "the process of constructing wells by driving or forcing an intrument into the ground until it is projected into the water, without removing the

earth upward, as it is in boring." One of the necessary features of the invention, and perhaps the principal one, is the "feature of a tight connection between the tube and the earth, effected by the driving of the tube without removing the earth upward, upon the preservation of which the success of the process depends." *Andrews* v. *Carman,* 3 O. G. 1014.

If the boring be resorted to merely for the purpose of facilitating the driving process,—that is to say, if the hole bored be smaller than the tube to be driven in, so that the tube is, after all, driven or forced into the earth,—so as to form a tight connection between the tube and the earth, the well thus constructed would, in my opinion, be within the terms of complainants' patent; but if a well is sunk by digging or boring, so that the excavation is larger than the tube to be inserted, and nothing is done but to put a tube down into the excavation without driving, and attach a pump, and in this way secure the water, I am clearly of the opinion that such a process is not within the terms of the patent.

I concur in the construction given to this patent by Judge Blatchford, in the case just cited, as follows: "I therefore understand this patent to be a patent for a process, and that the element of novelty in this process consists *in the driving of a tube* tightly *into the earth without removing the earth upward,* to serve as a well-pit, and attaching thereto a pump, which process puts to practical use the new principle of forcing the water in the water-bearing strata of the earth from the earth into the well-pit, by the use of artificial power applied to create a vacuum in the manner described."

The same view was evidently taken by Judge Nelson, and concurred in by Dillon, circuit judge, in the case of *Andrews et al.* v. *Wright,* United States circuit court, district of Minnesota, December Term, 1877.

In that case the learned judge, in discussing the question of want of novelty, referring to certain processes in use before the Green patent, said: "It is evident that the results noted therein are obtained by *boring or excavating, and not by Green's process.* And it is also clear that this process was not used in constructing the salt wells at Syracuse, New York."

I am of the opinion that a well which is constructed by boring or excavating, and where a tube is not forced into the earth by any driving process whatever, is not an infringment of the complainant's patent.

The decree, therefore, must be for the defendants, and it is so ordered.   The same order will be made in the case of *William D. Andrews et al.* v. *Ashfort Stingley and Orville Huntren,* No. 2,766, in which the facts are the same as in the case here considered.